**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald M. Calmese,<br><br>Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>Respondents. | No. CV18-00515-PHX-DGC (BSB)<br><br>**ORDER** |

Petitioner Gerald M. Calmese filed a petition under 28 U.S.C. § 2254 to vacate, set aside, or correct his sentence. Doc. 1. Magistrate Judge Bridget S. Bade issued a Report and Recommendation ("R&R") recommending that the Court deny the petition as untimely and without merit. Doc. 15. The Court will accept the R&R in part and reject it in part, and remand the petition to a magistrate judge for consideration of the claims in ground 5.

**I.   Background.**

Petitioner was indicted in the Maricopa County Superior Court for fraudulent schemes and artifices, a class 2 felony (Count 1); six counts of theft of a credit card or obtaining a credit card by fraudulent means, class 5 felonies (Counts 2-4, 6-8); and aggravated taking of the identify of another, a class 3 felony (Count 5). A jury found Petitioner guilty of all counts except Count 2, on which the court declared a mistrial. *Id.* at 1-2. Petitioner was sentenced to twenty years in prison on Count 1, six years on Counts 3, 4, and 6-8, and fifteen years on Count 5, with the sentences on Counts 1 and 5 to run

concurrently with the sentences for the other counts and the sentences on Counts 3-4 and 6-8 to run consecutively to one another.

Petitioner asserts six grounds for relief: (1) the trial court erred by denying Petitioner's motion for acquittal based on insufficient evidence on Count 1; (2) the indictment was defective and duplicitous; (3) Petitioner's Fifth Amendment due process rights were violated as to Counts 1, 2, and 8; (4) a "lack of subject matter jurisdiction" existed for the state court's application of procedural rules governing special action proceedings; (5) ineffective trial and appellate counsel; and (6) Petitioner's right to a fair trial was violated because one of a juror's bias. Docs. 15 at 4; 1.

## II. Legal Standard.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1).

## III. Discussion.

Petitioner filed two objections to the R&R. He objects to Judge Bade's findings that his petition was untimely filed and that he failed to fairly present his federal claims in state court and exhaust his state remedies. Doc. 16 at 2, 6.

### A. Timeliness.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year deadline for filing an initial habeas petition, running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d). The one-year limitation is statutorily tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C.

§ 2244(d)(2). Post-conviction review is "pending" – tolling the state of limitations – while a prisoner pursues post-conviction relief in state court. *Carey v. Saffold*, 536 U.S. 214, 219-21 (2002). But an untimely state petition is not "properly filed" pursuant to § 2244(d)(2) and does not toll the statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005); *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007).

A petitioner bears the burden of showing that equitable tolling is appropriate, and to do so must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Raspberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting *Pace*, 544 U.S. at 418).

Petitioner was sentenced on May 9, 2012. Doc. 15 at 2. He filed a direct appeal in the Arizona Court of Appeals, which was denied. He then obtained an extension to October 1, 2013 to file a petition for review in the Arizona Supreme Court. Doc. 13, Exs. B, E, V. On October 3, 2013, the Arizona Supreme Court denied a motion for another extension of time and dismissed the matter. Doc. 13, Ex. V. Because Petitioner did not file a petition for review by the deadline, his convictions became final under 28 U.S.C. § 2244(d)(1)(A) on October 1, 2013, "when his time for seeking review with the State's highest court expired." *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). The AEDPA's one-year deadline therefore began to run the next day, October 2, 2013, and expired one year later unless tolling applies.

The R&R found that post-conviction proceedings were no longer pending as of July 1, 2016, or at the latest, August 24, 2016. Doc. 15 at 7-9 (citing Ariz. R. Crim P. 32.9(c)). Accounting for statutory tolling during those proceedings, the R&R found that the statute of limitations deadline for Petitioner to file his § 2254 petition in this Court expired on August 3, 2017, more than six months before Petitioner filed on February 14, 2018. *Id.* at 9. The R&R also addressed a second untimely and successive petition for post-conviction relief that Petitioner filed in state court, as well as a special action he filed in the Arizona Supreme Court, and found that they did not toll the statute of limitations. *Id.* at 8.

Petitioner argues that his § 2254 petition was timely because on September 19, 2016, he filed a timely petition for review in the Arizona Court of Appeals. He cites the petition at Doc. 13, Ex. S. That petition for review was not denied by the Court of Appeals until October 5, 2017, and, if counted toward tolling, would render his habeas petition timely. Doc. 13, Ex. T. As Judge Bade noted, however, the Court of Appeals considered the September 19 petition to be addressing Petitioner's "second successive petition" which had been filed on July 14, 2016, and denied it for that reason. Doc. 13, Exs. P, Q, T. Judge Bade accepted the Court of Appeals' characterization of the September 19 petition and, because it was part of a second successive petition, found that it was not "properly filed" under § 2244(d)(2) and did not toll the limitations period. Doc. 15 at 8.

The September 19 petition asked the Court of Appeals to review the trial court's August 22, 2016 decision (Doc. 13-2 at 2), which denied reconsideration of the trial court's August 1, 2016 ruling (*id*. at 20). In the August 1 ruling, the trial court construed two of Petitioner's pending filings as constituting a second and successive Rule 32 proceeding, but construed a third pending filing – titled "Writ of Coram Nobis (Error)" (Doc. 13-1 at 214) – as a motion to reconsider the trial court's May 16, 2016 dismissal of Petitioner's first Rule 32 proceeding. Doc. 13-2 at 21. The trial court's August 1 ruling found that Petitioner's claims in his second successive petition were not cognizable, and denied his motion to reconsider its order denying his first Rule 32 petition. *Id*. at 21-24. The August 1 ruling referenced Petitioner's ineffective assistance of appellate counsel claim, which was addressed in the trial court's May 16, 2016 order. Doc. 13-2 at 22. Petitioner's first post-conviction petition also raised ineffective assistance of trial counsel (*see* Doc. 13-1 at 180-81), which the trial court's May 16 order discussed.

The September 19 petition likewise asserted ineffective assistance of counsel as an issue presented for review. Doc. 13-2 at 3, 9. It discussed at length alleged errors with trial counsel's assistance (*id.* at 9-16), and asserted that "appellate counsel did not pursue all legal issues of the law, which prejudiced the Defendant" (*id.* at 16). It also attached as an exhibit a letter from Petitioner's appellate counsel. Doc. 13-2 at 19. That letter includes

a highlighted sentence, which reads: "You should raise the issue of not having the opportunity to exhaust all of your state court remedies with your post-conviction counsel based on ineffective assistance of appellate counsel." *Id.* Thus, the September 19 petition sought review of the trial court ruling on his first Rule 32 petition and his claims for ineffective assistance of trial and appellate counsel.

For these reasons, the Court cannot conclude that the Arizona Court of Appeals was correct in finding that the September 19 petition concerned only a second successive petition. *See* Doc. 13, Ex. T. Although not a model of clarity, the petition sufficiently sought review of a trial court ruling on claims in Petitioner's first post-conviction proceeding. The petition was timely filed within 30 days of the trial court's final decision on the first proceeding. *See* Ariz. R. Cr. P. 32.9 (c)(1)(A). The petition tolled the AEDPA limitations period until October 5, 2017, when it was denied by the Court of Appeals. As of that date, according to Judge Bade's calculations, Petitioner had 344 days to file his habeas petition in this Court. He did so when he filed on February 14, 2018.

**B.     Exhaustion.**

Petitioner does not object to the R&R's finding that he failed to exhaust his claims in ground 4 in the state proceedings, and failed to fairly present his federal claims to the state courts in a procedurally appropriate manner. Doc. 16 at 6-11. He does object to the same finding on grounds 1-3 and 5-6. *Id.* Petitioner argues generally that he presented his claims because his opening brief on direct appeal cited federal law, and a brief filed in state court outlined his allegations and cited constitutional provisions and supporting caselaw. Doc. 16 at 7. As to grounds 1-3 and 6, Petitioner does not specifically address the R&R's findings that he failed to present his federal claims in the state courts and exhaust his state remedies as to each specific claim. *See* Doc. 15 at 11-19. Petitioner's general assertions are insufficient to specifically object to the R&R's findings and provide no basis for concluding that the R&R erred. *Thomas*, 474 U.S. at 149.

Petitioner does make an argument specific to ground 5, seeking relief for ineffective assistance of counsel. Citing *Dye v. Hofbauer*, 546 U.S. 1 (2005), Petitioner states that he

1 "may be able to satisfy [the exhaustion] requirement even if the state court has not addressed the claim in a written opinion" (Doc. 16 at 8), and that "the state court's refusal to rule for invalid prudential or procedural reason on the Petitioner's claim will [be] construed by the federal court as exhaustion of the claim" (*id.* at 9).

On ground 5, Judge Bade noted that Petitioner raised ineffective assistance of counsel claims in his first post-conviction proceeding and that the trial court rejected those claims, but that Petitioner did not seek review of the trial court's ruling. This conclusion was presumably based on the Court of Appeals' finding that the September 19 petition sought review only of Petitioner's second successive petition. As discussed above, the Court finds that Petitioner did seek review of the trial court's rulings on his first post-conviction proceeding claims for ineffective assistance of counsel.

The Court also finds that he fairly presented his ineffective assistance claims to the state courts. Petitioner's first Rule 32 petition sought relief based on the "denial of the constitutional right to representation by a competent lawyer at every critical stage of the proceeding" (Doc. 13-1 at 78), citing errors with trial and appellate counsel (*id.* at 94-98). His September 19 petition for review cited *Strickland v. Washington*, 466 U.S. 648 (1984), and reasserted ineffective assistance of counsel claims from his first Rule 32 proceeding. Doc. 13-2 at 9. Although the Court of Appeals declined to discuss those claims, "[f]ailure of a state appellate court to mention a federal claim does not mean the claim was not presented to it." *Dye*, 546 U.S. at 3 (internal quotation marks omitted).

**C. Conclusion.**

Petitioner's habeas petition was timely filed. Claims for relief in grounds 1-4 and 6 are procedurally defaulted. Petitioner fairly presented his ineffective assistance of trial and appellate counsel claims to the state courts. The Court will remand the petition to a magistrate judge for reconsideration on the merits of the claims for relief in ground 5.

**IT IS ORDERED:** The R&R (Doc. 15) is **accepted in part and rejected in part**. The Court accepts Judge Bade's recommendation that the claims for relief in grounds 1-4 and 6 are procedurally defaulted. The Court does not accept the recommendation that the

petition is untimely or that the claims for relief in ground 5 are procedurally defaulted. Because Judge Bade has now been appointed to the Ninth Circuit Court of Appeals, the Clerk's office is directed to assign this matter to another magistrate judge for consideration of ground 5 on the merits.

Dated this 31st day of May, 2019.

*David G. Campbell*
David G. Campbell
Senior United States District Judge