WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald M. Calmese,<br><br>Petitioner,<br><br>v.<br><br>David Shinn, Director of the Arizona Department of Corrections; and Mark Brnovich, Attorney General of the State of Arizona,<br><br>Respondents. | No. CV-18-00515-PHX-DGC (JFM)<br><br>**ORDER** |

Petitioner Gerald Calmese is confined in Arizona state prison. He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Magistrate Judge James Metcalf has issued a report recommending that Petitioner's remaining grounds for relief be denied and dismissed with prejudice. Doc. 24. Petitioner objects. Doc. 25. For reasons stated below, the Court will accept the R&R and deny relief to Petitioner.

**I.  Background.**

Petitioner was indicted in state court for fraudulent schemes and artifices (Count 1), theft of a credit card or obtaining a credit card by fraudulent means (Counts 2-4, 6-8), and taking the identify of another (Count 5). A jury found Petitioner guilty on all counts except Count 2. *See* Doc. 24 at 1-2. Petitioner was sentenced to an effective prison term of 20 years. *Id.* at 2.

Petitioner asserted six grounds for relief in his federal habeas petition: (1) the trial court erred by denying his motion for acquittal on Count 1 based on insufficient evidence; (2) the indictment was defective and duplicitous; (3) Petitioner's Fifth Amendment due process rights were violated as to Counts 1, 2, and 8; (4) no subject matter jurisdiction existed for the state court's application of procedural rules governing special action proceedings; (5) ineffective assistance of trial and appellate counsel; and (6) Petitioner's right to a fair trial was violated because of juror bias.  Doc. 1 at 6-17.

On April 1, 2019, Magistrate Judge Bridget Bade issued a report recommending that each ground for relief be denied as procedurally defaulted or time barred under the one-year limitations period set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d).  Doc. 15.  The Court accepted the recommendation in part, finding that the claims asserted in Grounds 1-4 and 6 are procedurally defaulted, but that the petition was timely filed and Petitioner fairly presented his ineffective assistance of counsel claims to the state court.  Doc. 17.  The Court referred the case to a magistrate judge for consideration of the claims asserted in Ground 5 on the merits.  *Id.* at 6.

The matter was randomly assigned to Judge Metcalf because Judge Bade had been elevated to the Ninth Circuit Court of Appeals.  Doc. 18.  Judge Metcalf directed the parties to file supplemental briefing on Ground 5, and liberally construed it as asserting the following individual claims of ineffective assistance of counsel:

- 5A – ineffective trial counsel in failing to mount a defense;
- 5B – ineffective trial counsel in failing to investigate the prosecution's evidence;
- 5C – ineffective trial counsel in failing to interview witnesses; and
- 5D-5H – ineffective appellate counsel in failing to assert the claims in Grounds 1-4 and Ground 6.

Doc. 19.

**II.    Judge Metcalf's R&R.**

Judge Metcalf issued a 37-page R&R that thoroughly considers each claim in Ground 5.  Doc. 24.  Judge Metcalf reached the following conclusions: (1) Ground 5A

lacks merit because trial counsel did not fail to mount a defense or subject the prosecution's case to meaningful adversarial testing; (2) Petitioner's assertion in Ground 5B that trial counsel failed to investigate the prosecution's evidence and grand jury testimony regarding his confession is conclusory and without merit; (3) Ground 5C fails because Petitioner identifies no specific witnesses who were not interviewed and does not show how interviewing additional witnesses would have altered the outcome of the trial; (4) Ground 5D lacks merit because appellate counsel raised the claim of insufficient evidence, and the Arizona Court of Appeals rejected it on the merits; (5) Ground 5E(1) – appellate counsel's alleged failure to argue that the indictment was defective – is procedurally defaulted, and Ground 5E(2) – appellate counsel's alleged failure to argue that the indictment violated double jeopardy – is without merit; (6) Ground 5F – appellate counsel's alleged failure to present Petitioner's claim in Ground 3 that he was denied due process when he was convicted with insufficient evidence on Counts 1, 2 and 8 – is procedurally defaulted; and (7) Grounds 5G and 5H – the state court's lack of subject matter jurisdiction and juror bias – are not colorable. *Id.* at 8-35.

In summary, Judge Metcalf found that Grounds 5A-D and Grounds 5E(2), 5G, and 5H are without merit and must be denied, and Grounds 5E(1) and 5F are procedurally defaulted and must be dismissed with prejudice. *Id.* at 35. With respect to the claims addressed on the merits, Judge Metcalf concluded that Petitioner has failed to show that any state court ruling was contrary to or an unreasonable application of Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1).

**III.   Standard of Review.**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court is not required to conduct "any review at all . . . of any issue that is

not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

**IV.    Petitioner's Objections.**

Petitioner asserts several specific objections to the R&R. None has merit.

Petitioner objects to pages 5 through 7 of the R&R wherein Judge Metcalf sets forth the applicable law governing federal habeas relief under 28 U.S.C. § 2254. Doc. 25 at 2; *see* Doc. 24 at 5 ("While the purpose of a federal habeas proceeding is to search for violations of federal law, in the context of a prisoner 'in custody pursuant to the judgment a State court,' 28 U.S.C. § 2254(d) and (e), not every error justifies relief."). Petitioner asserts that this law does not apply to him, citing *Strickland v. Washington*, 466 U.S. 668 (1984), and *Williams v. Taylor*, 529 U.S. 362 (2000). Doc. 25 at 2.

As Judge Metcalf explained, claims of ineffective assistance of counsel are analyzed pursuant to *Strickland*. *See* Doc. 24 at 7. In order to prevail on such a claim, Petitioner must show: (1) deficient performance – that counsel's representation fell below the objective standard for reasonableness; and (2) prejudice – there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* (citing *Strickland*, 466 U.S. at 687-88). In *Williams*, the Supreme Court made clear that the AEDPA placed a new constraint on the power of a federal court to grant a state prisoner's habeas petition with respect to claims adjudicated on the merits in state court, limiting issuance of the writ to circumstances in which one of two conditions is satisfied: the state-court adjudication resulted in a decision that (1) "was contrary to clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 529 U.S. at 402-13 (quoting 28 U.S.C. § 2254(d)(1)).

The purpose of Petitioner's citation to *Strickland* and *Williams* is unclear, but he clearly has not shown that Judge Metcalf erred in setting forth and applying the standard for federal habeas relief under 28 U.S.C. § 2254(d). Petitioner disagrees with the R&R

- 4 -

regarding the meaning of "contrary to" and "unreasonable" in 28 U.S.C. § 2254(d)(1), asserting that the terms include a finding that the state court decision was simply "wrong." Doc. 25 at 3. But "the AEDPA standard is 'highly deferential' and 'demands that state-court decisions be given the benefit of the doubt.'" *Christian v. Frank*, 595 F.3d 1076, 1081 (9th Cir. 2010) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)). "A federal court may second-guess a state court decision only if it determines that 'the state court was not merely wrong, but actually unreasonable.'" *Id.* (quoting *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004)). Petitioner has not shown that Judge Metcalf erred in his application of the federal habeas standard under 28 U.S.C. § 2254(d)(1).

Petitioner objects to Judge Metcalf's reliance on *Walker v. Martin*, 562 U.S. 307 (2011), which held that "absent showings of 'cause' and 'prejudice,' federal habeas relief will be unavailable when (1) 'a state court has declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement,' and (2) 'the state judgment rests on independent and adequate state procedural grounds.'" 562 U.S. at 316 (citations omitted); *see* Doc. 24 at 21. Petitioner asserts that the state procedural ground must be "clear and consistently applied, and well-established at the time of the petitioner's default." Doc. 25 at 8. But Petitioner fails to show that any state procedural ground applied in his case is unclear or has not been consistently applied by state courts.

Petitioner further objects to Judge Metcalf's conclusion that, based on the parties' supplemental briefing, Grounds 5E(1) and 5F are procedurally defaulted. Doc. 25 at 9-11; *see* Doc. 24 at 20-25, 29-31. Petitioner cites certain exhibits to Respondents' answer and asserts that these claims for relief were fairly presented to the state court, but does not explain why this is so. Nor does Petitioner address Judge Metcalf's analysis on Grounds 5E(1) and 5F. Petitioner's bald assertion that Judge Metcalf's conclusions are "false" is not a proper objection to the R&R. Doc. 25 at 9. Under Rule 72, objections must be "specific . . . to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see* 28 U.S.C. § 636(b)(1). An obvious purpose of this requirement is judicial economy – to permit magistrate judges to hear and resolve matters not objectionable to the parties. *See*

*Thomas*, 474 U.S. at 149. Because de novo review of the entire R&R would defeat the efficiencies intended by Congress, a general objection "has the same effect as would a failure to object." *Warling v. Ryan*, No. CV 12-01396-PHX-DGC, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013). Because Petitioner presents no specific objection to the R&R's procedural bar analysis, the Court will adopt it without further discussion. *See Reyna-Tapia*, 328 F.3d at 1121; *Thomas N. Panasewicz v. Carla Hacker-Agnew*, No. CV-19-00401-PHX-ROS, 2020 WL 2615995, at *1 (D. Ariz. May 22, 2020) ("[T]he Court need not conduct . . . a review of any portion of the R&R where there are no objections or where the objections are 'general and non-specific.'"); *Markland v. Ryan*, No. CV-14-02563-PHX-SMM, 2018 WL 1382525, at *1 (D. Ariz. Mar. 19, 2018) ("An ineffective general objection has the same effect as a failure to object.")).

Petitioner asserts that he can make out a claim of ineffective assistance of counsel under *Strickland*, that the indictment was insufficient as a matter of law, and that he was convicted on insufficient evidence. Doc. 25 at 11-14. Again, however, Petitioner fails to specifically object to R&R. The Court accordingly will not review de novo the merits of Petitioner's grounds for relief. *See Eagleman v. Shinn*, No. CV-18-2708-PHX-RM (DTF), 2019 WL 7019414, at *5 (D. Ariz. Dec. 20, 2019) ("With respect to Ground Three, Petitioner similarly reasserts his claim in the Petition, without explaining how the magistrate judge erred in his analysis and recommendation regarding Ground Three. Accordingly, the Objection does not identify an issue for the Court to address on de novo review of the R&R."); *Quigg v. Salmonsen*, No. CV 18-77-H-DLC-JTJ, 2019 WL 1244989, at *4 (D. Mont. Mar. 18, 2019) ("Quigg's additional objections simply reassert claims previously made in his petition and do not respond to Judge Johnston's findings and recommendations. As these objections are not proper, this Court overrules them without further analysis.").

Petitioner contends that he is entitled to an evidentiary hearing to develop the factual record. Doc. 25 at 14-16. But an evidentiary hearing is not required if the issues can be resolved by reference to the state court record. *See Schriro v. Landrigan*, 550 U.S. 465,

474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."); *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998) ("It is axiomatic that when issues can be resolved with reference to the state court record, an evidentiary hearing becomes nothing more than a futile exercise."). Petitioner's grounds for relief and specific objections to the R&R can be resolved by looking to the state court record in this case. The Court therefore will deny Petitioner's request for an evidentiary hearing.

Judge Metcalf recommends denying a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2). Doc. 24 at 35-36 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Petitioner does not object to this recommendation and has not otherwise shown that a certificate of appealability is warranted. The Court accordingly will deny a certificate of appealability.

**IT IS ORDERED:**

1. Judge Metcalf's R&R (Doc. 24) is **accepted**.

2. Grounds 5A-D and Grounds 5E(2), 5G, and 5H of Petitioner's habeas petition (Doc. 1) are **denied** on the merits and Grounds 5E(1) and 5F are **dismissed with prejudice** as procedurally defaulted.

3. Petitioner's request for an evidentiary hearing (Doc. 25 at 14-16) is **denied**.

4. A certificate of appealability and leave to proceed in forma pauperis on appeal are **denied**.

5. The Clerk is directed to enter judgment and **terminate** this action.

Dated this 29th day of May, 2020.

David G. Campbell
Senior United States District Judge